UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY A. AMAYA,

        Petitioner,

v.                                                            Case No. 18-C-897

QUALA CHAMPAGNE,

        Respondent.

## SCREENING ORDER

Petitioner Gary A. Amaya filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Amaya was convicted of one count of conspiracy to deliver cocaine and four counts of possession of cocaine, all as a second or subsequent offense. He was sentenced to one year of initial confinement and one year of extended supervision for each possession count and six years of initial confinement and four years of extended supervision on the conspiracy to deliver count, all to be served concurrently.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

As an initial matter, Amaya asserts that "in general the prosecution and resulting conviction violates his 4th, 5th, 6th, and 14th Amendment rights." This assertion is conclusory, as Amaya presents no facts to support his claim. "Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31. Because Amaya's blanket statement that his conviction violates his constitutional rights is not supported by any facts, he may not proceed on this claim. The court will now turn to Amaya's more developed grounds for relief.

Amaya asserts two grounds for relief. First, he alleges that his trial counsel was ineffective for various reasons: (1) failing to argue that the search and seizure of text messages violated his constitutional rights and that the messages should be suppressed and (2) failing to argue that the use of these illegal text messages in an application for a warrant tainted the validity of the order. From the face of the petition, the court cannot conclude that the claims lack merit. Accordingly, Amaya will be allowed to proceed on these ineffective assistance of counsel claims.

Amaya also asserts that his post-conviction motion should not have been assigned to Judge Dugan, the judge that presided over his criminal trial. He alleges that Judge Dugan could not be impartial or be expected to change his own rulings and did not consider the merits of his motion. The mere fact the judge presided over his criminal trial is not grounds for habeas corpus relief. Indeed, under the federal equivalent of Wis. Stat. § 974.02, the judge who heard the trial resolves the motion. *See Eaton v. United States*, 458 F.2d 704, 707 (7th Cir. 1972) ("It is clear, however, that the normal and appropriate procedure is to assign a § 2255 motion to the sentencing judge. . . . [T]he same judge who accepted the guilty plea may bring to bear his personal knowledge of the prior proceedings, which is an advantage rather than a mark of inherent prejudice."). Amaya has not alleged any facts that would suggest that the judge who reviewed his post-conviction motion was biased. Therefore, this claim is dismissed.

**IT IS THEREFORE ORDERED** that within 45 days of the date of this order Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply brief.

**IT IS FURTHER ORDERED** that once a reply is filed, the court will determine whether further briefing is required.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the Respondent copies of documents sent to the court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing (NEF) to the State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this  27th  day of June, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court