UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY A. AMAYA,

        Petitioner,

v.                                                             Case No. 18-C-897

QUALA CHAMPAGNE,

        Respondent.

---

## DECISION AND ORDER DENYING PETITION

Petitioner Gary A. Amaya filed a petition for federal relief from his state conviction pursuant to 28 U.S.C. § 2254 on June 13, 2018. He was convicted of conspiracy to deliver cocaine and four counts of possession of cocaine, all as a second or subsequent offense. He was sentenced to one year of initial confinement and one year of extended supervision for each possession count and six years of initial confinement and four years of extended supervision on the conspiracy to deliver count, all to be served concurrently. In his petition, Amaya asserts that his trial counsel provided ineffective assistance. For the reasons that follow, the petition will be denied and the case dismissed.

## BACKGROUND

In 2006, police began investigating Amaya's involvement in cocaine trafficking. Police placed a GPS tracker on Amaya's car and obtained a court-ordered pen register and trap and trace for a cell phone Amaya used. Authorities also obtained a federal search warrant for Amaya's text messages and a wiretap for Amaya's cell phone. Amaya was ultimately arrested and charged with conspiracy to deliver more than fifteen grams but not more than forty grams of cocaine. *See* Case No. 2007CF3275 (Milwaukee County, Wisconsin). In July 2009, Amaya filed a motion to suppress

all evidence derived from the pen register and trap and trace and from the wiretap surveillance. The court held hearings on the motion to suppress on May 28, June 18, and July 2, 2009. At the July 2, 2009 hearing, the court issued an oral decision denying the motion to suppress evidence derived from the pen register and trap and trace as well as wiretap surveillance but granting the motion to exclude text messages obtained from the federal search warrant, as those messages were outside the scope of the warrant. On July 17, 2009, the State moved to dismiss the case without prejudice after the trial judge expressed skepticism over whether the communications relied upon by the State constituted sufficient evidence of the alleged conspiracy.

The State then changed its theory of prosecution and, on August 26, 2009, filed a second criminal complaint, charging Amaya with one count of conspiracy to deliver a smaller amount of cocaine and six counts of possession of cocaine, all as a second or subsequent offense. *See* Case No. 2009CF2388 (Milwaukee County, Wisconsin). Shortly after the complaint was filed, Amaya fled to El Salvador, but was apprehended fifteen months later. After Amaya's apprehension, counsel filed a motion to suppress, raising the same arguments that were litigated in the earlier case. After reviewing the transcripts from the suppression hearing held in the earlier case, the court held a hearing on the motion on August 23, 2011. At that hearing, the court denied the motion to suppress. Amaya waived his right to a jury trial, and a trial to the court was held on September 14 and 15, 2011. The court found Amaya guilty of the conspiracy count and four counts of possession of cocaine.

Amaya subsequently filed a postconviction motion, which the court denied. The Wisconsin Court of Appeals summarily affirmed Amaya's conviction. *State v. Amaya*, 2015AP249-CR (Wis.

Ct. App. Mar. 23, 2017). The Wisconsin Supreme Court denied Amaya's petition for review on June 12, 2017.

## ANALYSIS

Amaya's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

This is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington*, 562 U.S. at 103).

Amaya asserts that his trial counsel provided ineffective assistance. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme

3

Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) that counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

"It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Amaya asserts that he was denied ineffective assistance of counsel because trial counsel failed to argue that the search and seizure of his text messages violated his constitutional rights and failed to file a motion to suppress. He further argues that he was denied ineffective assistance of counsel because trial counsel failed to challenge a search warrant on grounds it was supported by the illegally-obtained text messages. The court of appeals found that Amaya's trial counsel was not ineffective because he filed a motion to suppress all electronic evidence and actively challenged the

4

constitutionality of the warrant at a motion hearing held on August 23, 2011. Simply because trial counsel's motion was not successful does not mean that he was ineffective. *See Strickland*, 466 U.S. at 699; *see also Brown v. Brown*, 847 F.3d 502, 514 (7th Cir. 2017) ("[A]n attorney's failure to prevail . . . does not show ineffective assistance.").

The court of appeals also found that counsel's allegedly deficient performance did not affect the proceedings because the State did not introduce any of the text messages at trial. That is, the result of the trial would not have been different because the State did not introduce at trial any of the evidence related to the text messages that Amaya claims his attorney inadequately argued should be suppressed. Citing *Strickland*, the court found that Amaya was unable to prove prejudice because he could not show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The court of appeals' decision does not represent an unreasonable application of *Strickland* and was not contrary to clearly established federal law.

The state court's conclusions were reasonable and do not come close to reaching the federal AEDPA standard for habeas relief. I therefore cannot conclude that the state court misapplied *Strickland* in handling these issues. Accordingly, Amaya's petition must be denied.

## CONCLUSION

For the reasons given above, Amaya is not entitled to federal habeas relief on any of his claims. His petition for a writ of habeas corpus is therefore **DENIED**, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would believe that Amaya has made a substantial showing of the denial of a constitutional right.

Amaya is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Amaya decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** this  6th  day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court